IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAN RIVER HOLDINGS LLC, *et al.*, | ) | Case No. 08-10726 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| ──────────────────────────── | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | Adv. Pro. No. 10-50266 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OPEN TEXT U.S.A. INC. | ) | |
| D/B/A OPEN TEXT CORPORATION, | ) | Hearing Date: June 26, 2014 at 9:15 a.m. |
| | ) | Objection Deadline: June 4, 2014 at 4:00 p.m. |
| Defendant. | ) | |

**CHAPTER 7 TRUSTEE'S 9019 MOTION FOR AN ORDER
APPROVING SATISFACTION OF DEFAULT JUDGMENT**

Jeoffrey L. Burtch, Chapter 7 trustee for the bankruptcy estates (the "Estates") of Dan River Holdings LLC, et al. (the "Debtors"), hereby moves this Court for an Order approving the Compromise and Settlement of Default Judgment Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and in support of this Motion respectfully represents that:

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On April 20, 2008, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On April 22, 2008, an Order was entered jointly administering the Debtors' cases (the "Cases").

4. On December 15, 2008, an Order was entered converting the Cases to cases under Chapter 7 of the Bankruptcy Code.

5. On December 17, 2008, Jeoffrey L. Burtch was appointed as Chapter 7 interim Trustee in each of the Cases, and he serves as the trustee (the "Trustee") for each case pursuant to Section 702(d).

### Preference Action and Default Judgment

6. The Trustee analyzed all readily available information of the Debtors and those records indicate that in the 90 days preceding the Petition Date, Open Text USA, Inc. d/b/a Open Text Corporation (the "Defendant") allegedly received preferential transfers totaling $52,499.82 (the "Preferential Claim") as identified on Exhibit A of the Complaint (the "Alleged Transfer(s)") in the above captioned adversary proceeding (the "Adversary Proceeding"). Specifically, the Chapter 7 estates of the Debtors are allegedly owed $52,499.82.

7. On February 17, 2010, the Trustee commenced an action (the "Complaint") before the Bankruptcy Court, styled *Jeoffrey L. Burtch, Chapter 7 Trustee v. Open Text U.S.A. Inc. d/b/a Open Text Corporation* and assigned Adv. Pro. No. 10-50266 (BLS), seeking to recover the Alleged Transfers. The Trustee has demanded the amount of $52,499.82 from the Defendant.

8. On March 8, 2010, a summons was issued by the Bankruptcy Court (the "Summons").

9. On March 8, 2010, true and correct copies of the Summons and Complaint were served upon the Defendant.

10. On April 28, 2010, the Clerk of the Bankruptcy Court entered an Entry of Default against the Defendant [Adv. Pro. Docket No. 7].

11. On May 4, 2010, the Clerk of the Bankruptcy Court entered a Default Judgment against the Defendant in the amount of $52,499.82 plus filing costs and post-judgment interest [Adv. Pro. Docket No. 10].

12. Thereafter, a representative of Defendant contacted the Trustee concerning satisfaction of the Default Judgment. Communications ensued concerning whether the Default Judgment could be reopened, and the merits of the Trustee's complaint. Ultimately, an agreement with respect to the Default Judgment was reached between Defendant and the Trustee regarding the satisfaction of the Default Judgment, on the following terms:

   A. Subject to Court approval of this settlement, Defendant has paid the Trustee a satisfaction amount of $50,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 1</u> to the proposed order attached to this Motion (the "Open Text Satisfaction Agreement").

### BASIS FOR RELIEF REQUESTED HEREIN

13. As set forth in Bankruptcy Rule 9019(a): "Compromise: On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

14. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the

interests of the Estates." *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estates of the approval of the settlement. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

15. The Trustee believes that the above settlement satisfies the foregoing standards, and that it is in the best interests of all creditors of the Estates. Approval of the settlement will enable the Trustee to liquidate assets of the Estates.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto, approving the proposed Satisfaction Agreement.

Dated: May 21, 2014

COOCH AND TAYLOR, P.A.

/s/ R. Grant Dick IV
R. Grant Dick IV (No. 5123)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 984-3800
Fax: (302) 984-3939
E-mail: gdick@coochtaylor.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*