IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAN RIVER HOLDINGS LLC, et al.[1], | ) | Case No. 08-10726 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

Objection Deadline: November 19, 2014 at 4:00 p.m.
Hearing Date: December 10, 2014, at 9:15 a.m.

## MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SETTLEMENT AGREEMENT AND RELEASE (CELANESE ENTITIES)

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy cases, moves this Court to approve a settlement agreement and release between himself, and Celanese Corporation, CNA Holdings, Inc., Celanese US Holding, LLC and Celanese Americas Corporation (collectively, the "Celanese Entities"). In support thereof, the Trustee alleges as follows:

### Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

### General Procedural and Substantive Background

2.  On April 20, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: Dan River Holdings LLC, Dan River, Inc., Dan River Factory Stores, Inc., Dan River International Ltd. and The Bibb Company LLC.

1

3. On December 15, 2008, an Order was entered converting the Cases to cases under Chapter 7 of the Bankruptcy Code. Jeoffrey L. Burtch was appointed as the interim trustee in the Cases and serves as the Trustee pursuant to 11 U.S.C. Section 702(d).

### History of the Dispute

4. The Trustee asserted a claim against the Celanese Entities for alleged violations of the Sherman Act through the existence of unlawful conspiracies to allocate customers and to fix, raise, maintain, or stabilize the price of polyester staple fiber in the United States (the "Dan River Claim").

5. The Trustee has alleged that pre-petition, Dan River, Inc. purchased polyester staple fiber from the Celanese Entities and believes he has valid and meritorious claims for damages and other relief against the Celanese Entities arising from the purchase, sale, or pricing of polyester staple fiber. The Celanese Entities have denied the Trustee's allegations and any liability.

6. Arm's-length settlement negotiations have taken place between the Trustee and the Celanese Entities regarding the assertions and claims relating to the Dan River Claim;

7. The Trustee and the Celanese Entities have concluded, after due investigation and after carefully considering the relevant circumstances, the legal and factual defenses thereto and the applicable law, that it would be in the best interest of the Trustee and the Celanese Entities to enter into this Agreement.

8. These parties have negotiated a consensual settlement agreement, which are memorialized in a settlement agreement attached to the proposed order as Exhibit A (the

"Settlement Agreement").[2]  The  Parties[3] desire to compromise and settle all disputes between them on the terms stated in the Settlement Agreement, subject to Court approval.

9. The material terms are as follows:[4]

(a) The Celanese Entities shall pay the Settlement Amount to the Trustee for the Chapter 7 estate of Dan River, Inc.

(b) The Parties exchange mutual releases

**Basis for Relief Requested Herein**

10. As set forth in Bankruptcy Rule 9019(a): "Compromise:  On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

11. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates."  *In re Marvel*, 222 B.R. at 249 (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).  In reaching this determination, the court should balance the value of the claim that is being settled against the value to the estates of the approval of the settlement.  *In*

---

[2] The filed Exhibit A is a redacted version, and excludes the Settlement Amount (as defined in the Settlement Agreement).  As stated in the Settlement Agreement, the Trustee will file and serve notice of the Settlement Amount if:  (1) The Celanese Entities do not file a confidentiality Motion within four business days of the date of filing of this Motion; or (2) The Court does not grant the relief sought in the confidentiality motion and determines that the terms of the Agreement shall be made public.

[3] Unless otherwise defined, capitalized terms herein shall have the meaning ascribe to them in the Settlement Agreement.

[4] To the extent of any conflict between the settlement terms as described in this Motion, and the terms as stated in the Settlement Agreement, the Settlement Agreement controls.

*re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied sub nom*. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

12.  The Settlement Agreement has been achieved after extensive negotiations and exchange of factual and legal theories. The negotiations have at all times been at arm's length, and in good faith.[5] Approval of the Settlement Agreement will enable the Trustee to liquidate a litigation asset of the Dan River, Inc. estate. The Celanese Entities have argued they have no liability upon the Dan River Claim based upon the facts, and also based upon the law. The Celanese Entities have further argued that the Trustee would have proof problems, and that any trial on this matter would delay any cash recovery for many years, and that an appeal could further delay liquidation of this litigation asset. For all these reasons, the Settlement Amount is not below the lowest point on the range of reasonableness. In summary, the Trustee believes that the Settlement Agreement satisfies the standards stated in the controlling case law, and that the Settlement Agreement is in the best interests of the creditors of the Dan River Inc. estate.

---

[5] In these negotiations, the Trustee was primarily represented by King & Spalding LLP, special counsel.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto, approving the proposed Settlement Agreement.

Dated: October 20, 2014                                        COOCH AND TAYLOR P.A.

   /s/ Adam Singer
Adam Singer (# 2472)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3800

Counsel to the Chapter 7 Trustee