## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAN RIVER HOLDINGS LLC, et al.[1], | ) | Case No. 08-10726 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline:  November 5, 2014 at 4:00 p.m.**
**Hearing Date:  November 12, 2014 at 9:15 a.m.**

### MOTION OF CHAPTER 7 TRUSTEE TO SET
### BAR DATE FOR LAW FIRM TO FILE FINAL FEE APPLICATION

Jeoffrey L. Burtch, Chapter 7 Trustee, moves to set bar date for filing of a final fee application of a law firm as follows:

#### Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

#### Background of the Debtor and Committee Lien Actions

2. On April 20, 2008, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.  Based upon information provided to the Trustee, the Debtors previously sold home fashion products such as comforters, bed sheets and pillowcases, and sourced all of its manufacturing overseas, primarily in Pakistan, India and China.

3. On August 8, 2008, Dan River, Inc. filed a Complaint to Determine Extent, Validity, and Priority of Liens and for Declaratory Judgment Regarding Extent Validity and

---

[1] The Debtors are the following entities:  Dan River Holdings LLC, Dan River, Inc., Dan River Factory Stores, Inc., Dan River International Ltd. and The Bibb Company LLC.

Priority of Liens (the "Debtor Complaint").  A.P. 08-51141 (BLS), D.I. 1 (the "Debtor Lien Action").

4. The Debtor Complaint named GHCL, Inc., GHCL International, Inc. (the "GHCL Entities") and the Official Committee of Unsecured Creditors as defendants.  The Debtor filed the Debtor Adversary Action to obtain a determination of the priority of the security interests of the GHCL Defendants.

5. The GHCL Entities moved for Judgment.  A.P. 08-51141, D.I. 9.  The Debtor Lien Action was thereafter stayed by stipulation.  D.I. 8.

### The Committee Adversary Action

6. On October 15, 2008, the Official Committee of Unsecured Creditors (the "Committee") filed a Complaint for Determination of (I) Nature, Extent, Validity, Priority and Amount of Alleged Liens, Claims and Interests, (II) Damages for Avoidable and/or Fraudulent Transfer of Assets and (III) Damages for Breaches of Fiduciary Duty.  A.P. No. 08-51531 (BLS), D.I. 1 (the "Committee Lien Action").  The Committee later amended its complaint.  D.I. 5.

7. The amended complaint was against the GHCL Entities and certain individuals who were directors of a GHCL Entity and /or DR Georgia (as defined in the amended complaint) and/or DR Holdings (as defined in the amended complaint).  Those individual defendants are referred to as the "Director Defendants".  The claims asserted in the amended complaint arose from GHCL's leveraged takeover of Debtor DR Georgia in December 2006, and GHCL's and the Director Defendants' subsequent alleged self-interested dealings and transactions with DR Georgia and its assets.

8. The Committee Lien Action was thereafter stayed by stipulation.  D.I. 8.

2

The Employment of and the Representation by the Law Firm

9. Effective December 17, 2008, the Court converted the Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. Jeoffrey L. Burtch was appointed as Chapter 7 interim trustee in the Chapter 7 cases. Mr. Burtch serves as the Trustee for these cases pursuant to Section 702(d) of Title 11 of the United States Code.

10. The Trustee determined to employ Greenberg Traurig, LLP (the "**Law Firm**") as special counsel to represent him in litigating the Debtor Lien Action and the Committee Lien Action. An order was entered approving the employment of the Law Firm, *nunc pro tunc*, to February 2, 2010. D.I. 834.

11. This Court consolidated the two actions in August 2011. A.P. 08-51141, D.I. 21.

12. Thereafter, the Law Firm stated that the Trustee would stipulate to the dismissal of Count X of the amended complaint. A.P. 08-51141, D.I. 31, ¶8.

13. Thereafter, this Court entered judgment in favor of the Director Defendants on Count XI. AP. 08-51141, D.I. 48.

14. Thereafter, on August 29, 2013, the Law Firm obtained a default judgment of this Court in favor of the Trustee and against the GHCL Defendants. A.P. No. 08-51531-BLS, D.I. 55 (the "GHCL Judgment"). The GHCL Judgment included the following relief in favor of the Trustee:

(a) Enforcement of the Bankruptcy Code's avoidance and preservation provisions to avoid the unperfected lien and security interest of GHCL International, the Debtors' sister company and purported secured lender;

  (b) Preservation, for the benefit of the Debtors' unsecured creditors, of GHCL International's lien and security interest, as a second priority lien ahead of the allegedly secured claims of GHCL, the Debtors' parent company;

  (c) Enforcement of the contractual subordination and priority of GHCL's alleged third-tier liens and claims to that of the avoided and preserved second-tier lien and claim of GHCL International;

  (d) Avoidance of, and compensation for, certain fraudulent transfers and/or fraudulent conveyances made by DR Georgia to GHCL and GHCL International, when DR Georgia was insolvent;

  (e) Money damages from GHCL's breaches of fiduciary duties owed to DR Georgia and its unsecured creditors;

  (f) Classification of certain capital contributions made by GHCL to DR Georgia as "equity," not "debt"; and

  (g) Equitable subordination of GHCL's and/or GHCL International's claims against the Debtors' estates.

15. The aggregate money damages stated in the GHCL Judgment are $36.1 Million.

16. In March 2014, the Law Firm filed pleadings for this Court to issue a writ of execution. *Id*., D.I. 56. The Trustee was informed by the Law Firm that the writs of execution were issued by the Court and were served.

17. The Law Firm has ceased efforts to execute upon the judgment within the United States. The Trustee has been informed by the Law Firm that GHCL Entities have no executable assets in the United States.

18. At the end of July 2014, the Law Firm informed the Trustee that it would not work further in these cases with respect to the liquidation of the GHCL Judgment. The Law Firm has completed providing legal services to the Trustee in these bankruptcy cases.

19. At the end of July 2014, the Trustee requested that the Law Firm file a final fee application with respect to its services. The Law Firm has not filed a final fee application. The Trustee has exhausted reasonable informal efforts (which include various emails and phone calls) to persuade the Law Firm to file a final fee application.

Relief Requested

20. The Trustee requests that this Court set a bar date for the Law Firm to file a final fee application. The final fee application is an unliquidated Chapter 7 administrative expense claim. The Trustee would like to fix the amount of such claim. The relief requested will enable the Trustee to obtain finality with respect to any fees and expenses owed to the Law Firm, and enable the Trustee to further the administration of these cases, and assist the Trustee in furthering the policies of 11 U.S.C. § 704. The relief requested is not intended to affect or extend any bar date previously established in these bankruptcy cases.

21. Motions to establish bar dates for requests for allowance of administrative expenses are routinely granted in this jurisdiction. *E.g., In re Fluid Routing Solutions*, Case No. 09-10384 (CSS), Docket No. 639 (Order establishing deadline for allowance of administrative expenses); *In re IH 1, Inc.*, Case No. 09-10982 (PJW), Docket No. 833 (same).

22. The Law Firm has been aware of the Trustee's desire for the Law Firm to file a final fee application since July 30, 2014. The Trustee has provided email and verbal information to the Law Firm with respect to the fee application.

23. Indeed, the Law Firm provided a draft of a final fee application to the Trustee on or about September 29, 2014 (the "Draft Application"). The Trustee promptly provided both email comments and verbal comments to the Draft Application.

24. Given the history of these circumstances, the proposed bar date of November 19, 2014 is very reasonable.

25. With regards to the amount and/or merits of such a final fee application, the Trustee reserves all his rights.[2]

WHEREFORE, the Trustee requests entry of an order in the form attached.


Dated:  October 21, 2014                                         COOCH AND TAYLOR P.A.


    /s/ Adam Singer
Adam Singer (# 2472)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3800

Counsel to the Chapter 7 Trustee

---

[2] The terms of compensation previously approved by this Court are of a contingent nature. The order approving the employment of the Law Firm approve a term providing for "a 35% fee of all monies the Trustee actually receives for the Estates as a result of the Committee's Adversary" (as defined in the employment order), and also a term providing for "15% of the amount of the additional monies (if any) that are made available to the Trustee for distribution to non-GHCL creditors in these Cases as a result of any order, judgment in the Committee's Adversary subordinating or recharacterizing GHCL liens." Case No. 08-10726 (BLS), D.I. 834.

6